**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

```
MARY CLEMMONS o/b/o M.D.M.,     )
a minor,                         )
                                 )
           Plaintiff,            )
                                 )
v.                               )   Case No. CIV-22-045-RAW-JAR
                                 )
COMMISSIONER OF THE SOCIAL       )
SECURITY ADMINISTRATION,         )
                                 )
           Defendant.            )
```

**REPORT AND RECOMMENDATION**

Plaintiff Mary Clemmons ("Plaintiff"), on behalf of the minor child, M.D.M. ("Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Plaintiff appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED**.

**Social Security Law and Standard of Review**

Disability for persons under the age of 18 is defined by the Social Security Act as the "a medically determinable physical or

mental impairment or combination of impairments that causes marked and severe functional limitations, and that can be expected to cause death or that has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.906. Social Security regulations implement a three-step sequential process to evaluate a claim for Child's Supplemental Security Income Benefits under Title XVI of the Social Security Act. *See*, 20 C.F.R. § 416.924.[1]

Judicial review of the Commissioner=s determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means

---

[1] At step one, a child will not be deemed disabled if he is working and such work constitutes substantial gainful activity. The regulations require the claimant to establish that he is not engaged in substantial gainful activity. At step two, a child will not be found disabled if he does not suffer from a medically determinable impairment that is severe. At step three, a child=s impairment must meet a listing and must meet the duration requirement of 12 months. 20 C.F.R. § 416.924(b), (c) and (d).

such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant=s Background**

Claimant was 9 years old when the ALJ issued his decision. Claimant is alleged to have become disabled as of January 1, 2018 due to attention deficit hyperactivity disorder ("ADHD").

**Procedural History**

On June 5, 2019, Claimant, through Plaintiff, protectively applied for Supplemental Security Income under Title XVI of the Social Security Act (42 U.S.C. § 1381 *et seq.*). Claimant's application for benefits was denied in its entirety initially and on reconsideration. On December 3, 2020, Plaintiff appeared at

an administrative hearing by telephone due to the extraordinary circumstances posed by the COVID-19 pandemic. Although Plaintiff was informed of her and Claimant's right to representation at the hearing, Plaintiff appeared on behalf of Claimant without a representative or counsel. The hearing was conducted by Administrative Law Judge Luke Liter (the "ALJ"). The ALJ issued an unfavorable decision on July 13, 2021. On December 7, 2021, the Appeals Council denied a review of the ALJ's findings. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step three of the sequential evaluation. He determined that Claimant's condition did not meet a listing and he had not been under a disability during the relevant period.

## Review

Plaintiff asserts the ALJ committed error in (1) failing to properly weigh the medical and scholastic evidence; and (2) his analysis of the six functional domains such that he arrived at the incorrect conclusion at step three. Plaintiff also contends the

4

Appeals Council erred by not admitting certain treatment records and reports into the record.

## The Step Three Analysis

In his decision, the ALJ determined Claimant suffered from the severe impairments of ADHD and oppositional defiant disorder. (Tr. 29). The ALJ also determined Claimant did not meet a listing or the equivalency of a listing, singly or in combination of his impairments. (Tr. 30). The ALJ analyzed the six domains of functioning in light of Claimant's severe impairments. He concluded Claimant had no limitation in the area of acquiring and using information, less than a marked limitation in attending and completing tasks, interacting and relating to others, and caring for himself. The ALJ found no limitation in the functional areas of moving about and manipulating objects and health and physical well-being. (Tr. 31-35). As a result, the ALJ concluded that Claimant was not disabled since June 5, 2019, the date of the filing of the application for benefits. (Tr. 35).

Plaintiff first contends the ALJ did not "sufficiently explain his position with some of the six functional equivalence domains and how he reached his position." (Plaintiff's Opening Brief, Docket Entry No. 14 at p. 6). The ALJ's decision requires

reversal and remand on review "if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law." Keeton v. Department of Health and Human Services, 21 F.3d 1064, 1066 (11th Cir. 1994). "Where the district court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow him to explain the basis for his decision." Falcon v. Heckler, 732 F.2d 827, 829–30 (11th Cir. 1984).

The ALJ's decision in this case, however, is not deficient to the extent that this Court cannot determine the basis or reasoning for the conclusions reached. The ALJ cited extensively from the administrative record and performed the correct analysis of the six functional domains applicable to Claimant's circumstances. Accordingly, this Court rejects Plaintiff's contention.

Plaintiff next challenges the ALJ's evaluation of the evidence as measured against three of the six functional domains. Plaintiff concedes that the ALJ's conclusions of "no limitations" in the areas of acquiring and using information, moving about and manipulating objects, and health and physical well-being are supported by Claimant's grades, his participation in football, and

6

the teacher questionnaire provided by Claimant's teacher, Pamela Bunkley.  (Tr. 294-306).

Plaintiff challenges the ALJ's findings with regard to the domain of attending and completing tasks.  The ALJ concluded that the evidence showed "less than marked limitations" in this domain.  He cited to Ms. Bunkley's teacher questionnaire who only indicated Claimant had problems organizing his own things or school materials and paying attention when spoken to – which she indicated were weekly problems.  The ALJ also noted Claimant liked to play games, played on a sports team, and participates in daily online school.  Medication calmed Claimant down and helped him stay focused.  Plaintiff testified that Claimant cleans his room, makes his bed, likes to play games and play with toys.  (Tr. 34).

In evaluating this domain, the regulations require an analysis of how well a child focuses and maintains his attention and how well he begins, carries through, and finishes his activities, including the pace at which he performs activities and the ease with which he changes them.  20 C.F.R. § 416.926a(h).  Plaintiff states in the briefing that Ms. Bunkley's questionnaire and a letter Plaintiff sent to the Social Security Administration shows further limitation in this domain.

7

Ms. Bunkley's report indicates Claimant is "disruptive at school, constantly talks when he's told not to. Class clown. He has fights with kids he does respect other kids or teachers." (Tr. 290). The questionnaire also shows Ms. Bunkley did not rate his attending and completing tasks above "an obvious problem" on the scales provided in the form. (Tr. 296). His academic record shows he is on level or above in his grades. (Tr. 304-07). Further, the medical records of his physician, Dr. Jerry D. Whatley demonstrates that his symptoms are described as "moderate" in severity and "tend to remain failure stable during the day." (Tr. 382). He achieved all developmental milestones, was "doing well in school, gets along well with others at school, plays well with other children, is cooperative at home, gets along well with sibling(s), and has no problems with parental discipline." (Tr. 346). The mental status examinations performed by Dr. Whatley on Plaintiff were fully normal. (Tr. 349, 358, 362, 365, 384). The reviewing reports provided by Dr. Stephanie Crall and Dr. Stephen Scott also support a finding of less than a marked limitation in this domain. (Tr. 176-77, 186-88). While Plaintiff's "To Whom It May Concern" letter states that Claimant is impulsive, has loud outbursts and makes strange noises, this is somewhat inconsistent

with the professional medical and academic record and still does not rise to the level of a marked limitation in this domain. (Tr. 274). The evidence simply does not support such a finding.

Plaintiff also contends Claimant has a marked limitation in the area of interacting and relating with others. This domain requires consideration of how well a child initiates and sustains emotional connections with others, develops and uses the language of his community, cooperates with others, complies with rules, responds to criticism, and respects and takes care of the possessions of others. 20 C.F.R. § 416.926a(i). Again, Dr. Whatley's report indicates Claimant gets along with others. Ms. Buntley's questionnaire also supports this finding. The single behavior report cited by Plaintiff does not alter the finding of less than a marked limitation in this domain. (Tr. 311). No error is found in the consideration of this domain and the ALJ=s conclusions are supported by substantial evidence.

Plaintiff argues that Claimant's inability to use a zipper properly and tie his shoes shows a marked limitation in the domain of caring for yourself. This domain requires an evaluation of how well a child maintains a healthy emotional and physical state, including how well he satisfies his physical and emotional wants

9

and needs in appropriate ways. 20 C.F.R. § 416.926a(k). The slight limitations in manipulating a zipper and shoelaces do not rise to the level of a marked limitation in this domain. Other evidence provided by Dr. Whatley, Dr. Crall, and Dr. Scott and the factual record of Claimant's accomplishments run contrary to such a finding. The ALJ's conclusions of less than a marked limitation in this domain is supported.

Many of Plaintiff's arguments require this Court to reweigh the evidence – a standard not available on review. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Consequently, this Court finds no error in the ALJ's analysis of the six domains.

**The Appeals Council's Consideration of Additional Evidence**

After the ALJ issued his decision, Plaintiff provided the Appeals Council with additional medical records. This submission included records from Muskogee Children's Clinic from November 20, 2019 through July 8, 2021, treatment records from Green Country Behavioral Health dated May 7, 2021, and an undated Function Report completed by Plaintiff. (Tr. 40-138). The Appeals Council concluded that (1) the Muskogee Children's Clinic records dated September 6, 2019 were already in the administrative record reviewed by the ALJ; (2) the Muskogee Children's Clinic records

10

dated November 20, 2019 through July 8, 2021, Green Country Behavioral Health records dated May 7, 2021, the undated Function Report, and a list of medications dated August 24, 2021 "does not show a reasonable probability that it would change the outcome of the decision"; and (3) the treatment records from the Muskogee Children's Clinic dated August 5, 2021 through August 27, 2021 "do[] not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before July 13, 2021."

The Social Security regulations permit the submission of evidence to the Appeals Council if it is new, material, and related to the period on or before the date of the ALJ's decision. Chambers v. Barnhart, 389 F.3d 1139, 1142 (10th Cir. 2004). Whether evidence is "new, material and chronologically pertinent is a question of law subject to our *de novo* review." Threet v. Barnhart, 353 F.3d 1185, 1191 (10th Cir. 2003). "Evidence is new within the meaning of [404.970(b)] if it is not duplicative or cumulative." Id. quoting Wilkins v. Sec'y, Dep't of Health & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991). "Evidence is material to the determination of disability 'if there is a reasonable possibility that [it] would have changed the outcome.'" Id.

Much of the evidence submitted to the Appeals Council was

11

already in the record in some form or another and, therefore, is not new. The diagnosis by the social worker, Danielle Perry, of oppositional defiant disorder in this new record (Tr. 54) was previously contained in the record considered by the ALJ. (Tr. 391). Plaintiff's Function Report is largely incomplete and mirrors her testimony. Nothing in the remaining treatment records differs greatly from the records provided by Dr. Whatley which were a part of the administrative record and considered by the ALJ. As a result, the Appeals Council was correct in its evaluation that the newly provided evidence would not have a reasonable probability in changing the outcome of this case.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court.

DATED this 8th day of September, 2023.

_____
JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE